1    **RICHARD M. MARTINEZ, SBA No. 7763**
     P.O. Box 43250
2    Tucson, Arizona 85733-3250
     (520) 609-6352 phone
3    richard@richardmartinezlaw.com
     **Counsel for Plaintiff**

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8              FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Akos Kovach ) | No. |
|        Plaintiff, ) | |
| v. ) | COMPLAINT |
| Greenlee County, ) | |
|        Defendant. ) | Jury Trial Demanded |
| _____ ) | |

15       Plaintiff alleges:

16                    JURISDICTION

17    1.      Jurisdiction is conferred on this court by 28 U.S.C. § 1331. Pendent jurisdiction derives

18 from the fact that the state and federal claims asserted herein derive from a common nucleus of

19 operative fact and are such that a plaintiff would ordinarily be expected to try them all in one

20 judicial proceeding.

21                      VENUE

22    2.      Venue is proper in this Court because the conduct of defendant at issue

23 occurred in the State of Arizona, principally in Greenlee County.

24                     PARTIES

25    3.      Plaintiff is a citizen of the United States, resident of the State of Arizona

26 living in Greenlee County.

27    4.      Defendant is a local governmental entity created and operating pursuant to the

28 laws of the State of Arizona.

GENERAL ALLEGATIONS

5.     Plaintiff is a former employee of defendant. He was first employed in October of 2014 and worked continuously with defendant until terminated on or about January 6, 2021.

6.     Plaintiff's date of birth is April 18, 1950. When first hired by Greenlee County he was 64 years old. When terminated his age was 70.

7.     Throughout plaintiff's tenure of employment with defendant, he was the Economic Development Coordinator; the highest ranking position in the county's Economic Development Department.

8.     Throughout plaintiff's tenure with defendant,

9.     At the time of plaintiff's hire with defendant the Greenlee County Administrator was Deborah Kay Gale to whom plaintiff reported. The hiring decision was approved by the then constituted Greenlee County Board of Supervisors; Ronald Campbell, Robert Corbell and David Gomez.

10.    Plaintiff was terminated by Derek Rapier, the Greenlee County Administrator.

11.    Prior to plaintiff's termination with defendant he dual filed a Charge of Employment Discrimination with the Civil Rights Division of the Arizona Attorney General's Office ("ACRD") and the United States Equal Employment Opportunity Commission ("EEOC"). This charge was submitted on or about September 9, 2020 less than four months before plaintiff's termination. (ACRD No. CRD-2020-0807; EEOC No. 35A-2020-00621C)

12.    The filing of a charge of discrimination with a state or federal agency is "protected conduct" for which it is prohibited under state and federal law to thereafter impose an adverse action, including discipline or termination, as a consequence of engaging in protected conduct.

13.    The time between plaintiff's protected conduct and termination creates an inference of unlawful retaliation.

14.    While reporting to Greenle County Administrator Deborah Kay Gale, 2014 to 2019, plaintiff's job performance was routinely complimented by Ms. Gale. Throughout this period plaintiff's efforts as a department director were seen as positive, productive, beneficial to Greenlee county and for which recognition and awards were received.

15.     Prior to plaintiff filing his first charge of discrimination plaintiff was a direct report to Derek Rapier after he became the Greenlee County Administrator. This occurred in the summer of 2019. From the inception of Rapier's role as County Administrator he questioned plaintiff about when he intended to retire, an inquiry that was made on a repeated basis, was not informational in nature and communicated Rapier's perception of plaintiff as too old, not productive and desired departure from employment with defendant.

16.     In contrast to Ms. Gale's administration, the economic developments efforts undertaken by plaintiff were the target of Rapier's criticism, excessive and unwarranted scrutiny and subjective criticism. At Rapier's direction plaintiff's access to and communications with the Greenlee County Board of Supervisors was restricted and his presentations at Board meetings eliminated. This pattern of conduct increased as plaintiff resisted Rapier's efforts to compel plaintiff's resignation.

17.     Under Rapier, plaintiff also became the target of unwarranted discipline, including his termination from employment, after plaintiff failed to communicate a specific retirement time frame that was repeatedly asked for by the county administrator.

18.     During the Rapier period, the only other senior (older) department head was the County Engineer. His department included planning and zoning. He was compelled to involuntarily leave his position with  Greenlee County as a direct result of the treatment he was subjected to by Rapier as an older, senior,  person. Rapier stated to plaintiff about the county engineer, "you can't teach an old dog new tricks". This sentiment on Rapier's part was evident and communicated to plaintiff about his own performance.

19.     During the Rapier period, older employee, such as the county engineer, have been filled  by younger, less experienced persons.

20.     Similar situated younger employees of defendant were treated differently than plaintiff by Rapier and not subjected to the derogatory words or conduct or hostile work environment created by Rapier as Greenlee County Administrator.

21.     Rapier's adverse treatment of plaintiff not only continued after the submission of the first charge of discrimination but increased in hostility, negativity and criticism. This includes

terminating plaintiff's employment for contrived reasons that included providing notice to two innocents of their expose to COVID-19 when they had interacted with plaintiff and a staff member who had tested positive for COVID-19.

22.     Throughout the Rapier period plaintiff was subjected to an age related hostile work environment that included intimidation, repeated age related comments, repeatedly insisting on a specific retirement date, belittling plaintiff's economic development efforts for Greenlee county, unwarranted discipline, exclusion from an economic development work session with the Greenlee County Board of Supervisors, required submission of an unprecedented number of weekly repots detailing daily activities, subjecting plaintiff to public chastisement and other words, acts and conduct intended to undermine, demean and ridicule plaintiff. This conduct not only displayed the age bias of Rapier but created a hostile work environment that was offensive, interfered with plaintiff's ability to perform his duties as the county economic development coordinator, and one that a reasonable person would find hostile and offensive.

23.     Plaintiff also submitted a claim notice to Greenlee county for the conduct he was subjected to.

24.     Neither the charges of discrimination or claim notice served on defendant resolved the claims identified herein.

25.     Plaintiff has complied with all jurisdictional requirement for the filing of this lawsuit, under state and federal law.

COUNT ONE

EMPLOYMENT DISCRIMINATION: AGE

(29 U.S.C. § 623, <em>et. seq.,</em> as amended & A.R.S. § 41-1463 )

26.     Plaintiff hereby re-allege and incorporates all allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Defendant's treatment of and actions against plaintiff constitute violations of the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 621, <em>et. seq.</em>, and the Arizona Civil Rights Act, as amended, A.R.S. § 41-1463,  statutes that prohibit workplace discrimination.

//

28.     As a direct and proximate result of the conduct of defendant, plaintiff suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of his rights to equal employment opportunities.

COUNT TWO

EMPLOYMENT DISCRIMINATION: RETALIATION

(29 U.S.C. § 623, *et. seq.,* as amended & A.R.S. § 41-1464)

29.     Plaintiffs hereby re-allege and incorporates all allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Defendant's treatment of and actions against plaintiff constitute violations of the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 621, *et. seq.*, and the Arizona Civil Rights Act, as amended, A.R.S. § 41-1463, statutes that prohibit workplace discrimination.

31.     As a direct and proximate result of the conduct of defendant, plaintiffs have suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of their rights to equal employment opportunities.

COUNT THREE

EMPLOYMENT DISCRIMINATION: HOSTILE WORK ENVIRONMENT

(29 U.S.C. § 623, *et. seq.,* as amended & A.R.S. § 41-1463 )

32.     Plaintiffs hereby re-allege and incorporates all allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.     Defendant's treatment of and actions against plaintiff constitute violations of the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 621, *et. seq.*, and the Arizona Civil Rights Act, as amended, A.R.S. § 41-1463, statutes that prohibit workplace discrimination.

34.     As a direct and proximate result of the conduct of defendant, plaintiff has suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of his rights to equal employment opportunities.

1    PRAYER FOR RELIEF

2         WHEREFORE, Plaintiff prays:

3    1.    That this Court declare the actions complained of herein to be violations of  29 U.S.C.

4    § 623, *et. seq.,* as amended & A.R.S. § 41-1463 and 64.

5    2.    That defendant be ordered to take appropriate affirmative acts to insure that

6    the actions complained of herein are not engaged in again by defendant or any of its agents

7    and to place plaintiff in the position he would currently enjoy but for the unlawful conduct of

8    defendant.

9    3.    That defendant, including all officers, director, agents, employees and

10   successors be permanently enjoined from discriminating against any person, including

11   plaintiff.

12   4.    That actual damages be awarded to plaintiff and against defendant;

13   5.    That compensatory damages be awarded to plaintiff and against defendant;

14   6.    That plaintiff be awarded his attorneys' fees;

15   7.    That plaintiffs be awarded his costs; and

16   8.    That plaintiff be awarded all other relief that the court deems just and proper

17   under the circumstances.

18    JURY TRIAL DEMAND

19         Pursuant to Rule 38, FRCP, a trial by jury is demanded.

20         DATED this 3rd day of September, 2021.

21                          */s/ Richard M. Martinez*
                            RICHARD M. MARTINEZ, ESQ.
22                          Counsel for Plaintiff

23

24

25

26

27

28